John E. Sweeney, Esq. – State Bar No. 116285
**THE SWEENEY FIRM**
315 South Beverly Drive, Suite 200
Beverly Hills, California 90212
Phone: (310) 277-9595
Fax:    (310) 277-0177
Email: jes@thesweeneyfirm.com

Attorney for Plaintiff MANUEL ZAMUDIO, JR.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ZAMUDIO, JR.,<br><br>               Plaintiff,<br><br>  vs.<br><br>DANIEL HAN; CITY OF SAN BERNARDINO; SAN BERNARDINO POLICE DEPARTMENT; DENNIS HAN; and DOES 1 to 20, Inclusive,<br><br>               Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourteenth Amendment (42 U.S.C. § 1983)<br>2. Fourth Amendment (42 U.S.C. § 1983)<br>3. Conspiracy (42 U.S.C. § 1983, 1988)<br>4. Municipal Liability— *Monell* (42 U.S.C. § 1983)<br>5. Municipal and Supervisory Liability— *Larez*; Failure to Train and Supervise— *Canton* (42 U.S.C. § 1983)<br>6. Negligence; and<br>7. Intentional Infliction of Emotional Distress<br><br>***DEMAND FOR JURY TRIAL*** |

/ / /

/ / /

/ / /

# COMPLAINT FOR DAMAGES

Plaintiff MANUEL ZAMUDIO, JR, for his Complaint against Defendants DANIEL HAN; DENNIS HAN; CITY OF SAN BERNARDINO; SAN BERNARDINO POLICE DEPARTMENT; and DOES 1 to 20, inclusive, alleges as follows:

## PARTIES

1. At all relevant times, Plaintiff MANUEL ZAMUDIO, JR. ("Plaintiff" or "Mr. Zamudio") is and was an individual residing in the City of Victorville, County of San Bernardino, State of California.

2. Plaintiff is informed, believes, and thereupon alleges that at all relevant times, Defendant DANIEL HAN ("Officer HAN") is and was an individual residing in the County of San Bernardino, State of California.

3. At all relevant times, Defendant CITY OF SAN BERNARDINO ("CITY") is and was a municipal corporation existing by virtue of the laws of *California*. Plaintiff is informed, believes, and thereupon alleges that at all relevant times, CITY was and is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the SAN BERNARDINO POLICE DEPARTMENT ("SBPD") and its agents and employees. CITY was and is responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents comply with the laws of the United States and the State of California.

4. At all relevant times, Officer HAN and Officer DOE 1 were duly authorized employees of CITY and/or SBPD acting as police officers within the course and scope of their employment CITY and/or SBPD. Officer HAN and Officer DOE 1 are being sued individually and in *their* representative capacities as police officers employed by, and acting on behalf of, CITY and/or SBPD.

/ / /

/ / /

**COMPLAINT FOR DAMAGES; *DEMAND FOR JURY TRIAL***

5. DENNIS HAN is the brother of Defendant Officer HAN. DENNIS HAN phoned Officer HAN to illegally enlist his help to stop, harass, and assault and batter Plaintiff.

6. Plaintiff is informed, believes, and thereupon alleges that CITY is, or was, the employer of all individually named Defendant SBPD Police Officers including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10 ("DOE OFFICERS").

7. The identities, capacities, and/or or nature of involvement of Defendant DOES 1 through 20 ("DOE DEFENDANTS") are presently unknown to Plaintiff. Plaintiff therefore sues such persons using "Does" as fictitiously-named defendants. Plaintiff is informed, believes, and thereupon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and/or breaches of duty alleged below. Plaintiff will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

8. All the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of San Bernardino, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the County of San Bernardino, State of California, and/or have their principal place of business in said County and State, and/or are doing business in said County and State.

9. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by CITY and/or SBPD were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for CITY and/or SBPD, and under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by CITY and/or SBPD, by and through their

policymakers, decision-makers, officials, officers, and/or supervisors, including named Defendants, and applicable Doe Defendants.

10. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by DOES 15-20 ("DOE EMPLOYERS"), at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for DOE EMPLOYERS, under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by DOE EMPLOYERS by and through policy makers, decision makers, and/or supervisors, including named Defendants, and applicable Doe Defendants.

11. Plaintiff is informed, believes, and thereupon alleges that officials, supervisors, policymakers, and other individuals with the authority to set or modify municipal and/or departmental policy, *de jure* or *de facto*, of CITY, SBPD, and/or Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiff complains herein.

12. Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants—including officials, supervisors, watch commanders, and other policymakers from CITY, SBPD, and/or Doe Defendants and their agents—was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendant SBPD Police Officers, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein. Each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because of Plaintiff's expression. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said

misconduct, each and all Defendant SBPD Police Officers were acting pursuant to a *de facto* policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## JURISDICTION

13. Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983, 1988 and California state law. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1–4). Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. § 1367.

## VENUE

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 14 of this Complaint.

16. In December of 2023, Plaintiff was working at a construction site, specifically a home located on East Miranda Road in the City of San Bernardino.

17. On or around December of 2023, DENNIS HAN who live(d) next-door to the construction site complained about the construction work and aggressively confronted Plaintiff and other construction workers on several occasions.

18. On or around December 13, 2023, a verbal confrontation occurred between Plaintiff and Defendant DENNIS HAN. Upon information and belief, DENNIS HAN then contacted his brother, Officer HAN, and informed him of the altercation(s) and requested that he illegally stop Plaintiff and use his authority to harass and batter him.

19. On December 13, 2023, as Plaintiff was leaving the construction site, he noticed a SBPD vehicle parked at the end of the street, which almost immediately began to follow Plaintiff's vehicle down the road. At approximately 4:00 p.m., after

being followed by the SBPD vehicle for a short period of time, Plaintiff was forced to stop by Officer HAN and Officer DOE 1. Officer HAN and Officer DOE 1 thereafter searched Plaintiff's vehicle, without probable cause.

20. After conducting an illegal stop, Officer HAN shockingly and aggressively pulled Plaintiff's arm, attempted to pull him out of his vehicle and threatened him with unwarranted arrest.

21. Upon information and belief, Officer HAN, brother of Defendant DENNIS HAN, arrived nearby the construction site after DENNIS HAN contacted him and complained about Plaintiff. Officer HAN then waited for an opportunity to harass and/or intimidate, and assault and battery Plaintiff under the guise of a simple traffic violation and engage in deplorable conduct (*i.e.*, illegal stop and search; assault and battery) which was a clear abuse of his authority as a police officer.

22. Officer HAN and DOE 1 acted jointly and in concert with each other to assault, batter and detained Plaintiff by threatening him with physical harm and/or causing him physical harm by pushing him and placing him in pain compliance holds and causing other painful physical contact, *inter alia*. Officer HAN and DOE 1 thereafter placed Plaintiff in handcuffs and locked him in their patrol vehicle. Subsequently, they illegally searched Plaintiff's vehicle and detained him for far longer than the period of time necessary to determine that he was not in violation of any law and/or reasonably suspected of violating any law and then issued a false traffic citation to justify the illegal pretextual stop.

23. At all relevant times, Plaintiff was unarmed and did not pose a threat to anyone including OFFICER HAN and DOE 1.

24. At all relevant times, none of the DEFENDANTS intervened or attempted to stop the other from violating Plaintiff's legal rights.

25. As a result of the actions and/or inactions of Officer HAN and DOE 1, Plaintiff sustained physical injuries including but not limited to injury to his back, neck, and shoulder in addition to severe and debilitating emotional distress.

**COMPLAINT FOR DAMAGES; *DEMAND FOR JURY TRIAL***

26. At all relevant times, DEFENDANTS acted maliciously and oppressively in violating Plaintiff's clearly established rights under United States and California law by way of threats, intimidation and/or coercion.

27. As a result of DEFENDANTS' unlawful conduct alleged herein, Plaintiff has suffered, and will continue to suffer damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

28. Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Zamudio to suffer the following: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional and physical injury, pain and suffering, great and extreme mental anguish. Mr. Zamudio endured, and continues to endure, substantial pain and suffering due to each and every act and omission of all DEFENDANTS, and each of them.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**Fourteenth Amendment (Due Process)**
**(Against all DEFENDANTS)**

29. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States Constitution.

31. On December 13, 2023, Plaintiff was greatly inconvenienced; subjected to stop and search without probable cause; detained from his route of travel and otherwise intimidated and humiliated and assaulted and battered by Officer HAN ///

**COMPLAINT FOR DAMAGES; *DEMAND FOR JURY TRIAL***

and/or DOES 1-10, while working in the scope of their employment as police officers for DEFENDANT CITY.

32. To justify the traffic stop, Officer HAN and/or DOES 1-10 allegedly reasoned that Plaintiff's license plate was obstructed; a very minor issue, if it were true.

33. Plaintiff denies any moving violation, apparent criminal behavior or activity, or infractions.

34. Plaintiff was stopped, detained, searched, and treated in an overtly discourteous manner, assaulted and battered, despite not having violated any traffic laws or having otherwise operated his vehicle or conducted himself in a manner that would justify such action on defendants' part.

35. Plaintiff was not stopped because of any justified suspicion that he was involved in criminal activity or any violation of traffic laws; rather he was stopped by members of CITY's Police Department, including Officer HAN and/or DOES 1-10, because he was involved in a verbal altercation with Officer HAN's brother.

36. The practices described herein violate Plaintiff's right to the equal protection of the laws as guaranteed by the Constitution because defendants' practices constitute differential treatment without probable cause observed and determined on an individual, case-by-case basis.

37. CITY and Defendant Chief, DOE 11, have failed to properly train and supervise Officer HAN and DOES 1-10 and upon information and belief have knowingly allowed Officer HAN and DOES 1-10 to ignore due process and equal protection for persons, knowingly allowing Officer HAN and DOES 1-10 to target motorists for pre-textual stops and searches to personally benefit themselves, all under the color of law.

38. The complained of acts of defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

**COMPLAINT FOR DAMAGES;** *DEMAND FOR JURY TRIAL*

39. The acts of defendants were deliberate, and in contemplation of intimidating plaintiff. The officers, and each of them, acted with malice and oppression.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
Fourth Amendment— Unlawful Seizure / Search / Excessive Force
**(Against Defendant DANIEL HAN and DOES 1-10)**

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41. Defendants Officer HAN and DOES 1 through 10, inclusive, used excessive and unreasonable force against Plaintiff, violating his rights under the Fourth Amendment of the United States Constitution. Defendants Officer HAN and DOES 1 through 10, inclusive, further violated Plaintiff's Fourth Amendment rights by initiating, participating in, and/or failing to prevent the unlawful search, seizure, and prolonged detention of Plaintiff and also conducting unlawful and unwarranted harmful touching constituting a battery and excessive force without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse.

42. Plaintiff was harmed.

43. Defendants Officer HAN and DOES 1 through 10, inclusive, are liable for Plaintiff's injuries because they used excessive force, and/or were integral participants in the excessive force, and/or failed to intervene to prevent the excessive force.

44. The conduct of Defendants Officer HAN and DOES 1 through 10, inclusive, was willful, wanton, malicious, and done with reckless disregard and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of them.

/ / /

45. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

### THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)
### Conspiracy to Violate Civil Rights
### (Against all Defendants)

46. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47. This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

*Conspiracy at the Scene*
**(Against all Defendants at the scene, Officer Daniel Han and DOES 1-10)**

48. Defendants at the scene, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other to violate Plaintiff's civil rights afforded under the United States Constitution.

49. Among other things, defendants acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) unlawfully detain Plaintiff without probable cause or reasonable suspicion; (2) unlawfully conduct a prolonged detention of Plaintiff without probable cause or reasonable suspicion; and (3) unlawfully search Plaintiff without probable cause or reasonable suspicion.

50. During the entirety of the detention, and while each officer saw Plaintiff's rights being violated, all defendants acted in concert to detain and search Plaintiff and never once intervened to stop each other from violating Plaintiff's legal rights.

/ / /

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**|Unconstitutional Policy, Custom, or Procedure (*Monell*)**
**(Against Defendant City of San Bernardino)**

51. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

52. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

53. CITY violated Plaintiff's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

    i. CITY has a *de facto* policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting persons who exercise their First Amendment rights of freedom of expression;

    ii. CITY has a *de facto* policy, custom, or practice of inadequately investigating their police officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

    iii. CITY has a *de facto* policy, custom or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights;

    iv. CITY has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who use excessive and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights.

54. CITY's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Mr. Zamudio's constitutional rights at issue in this case.

**COMPLAINT FOR DAMAGES; *DEMAND FOR JURY TRIAL***

55. Plaintiff is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of CITY, by and through its decision makers.

56. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Zamudio.

57. CITY'S policy, custom, and/or practices, as described herein, were within the control of CITY and within the feasibility of CITY, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**Failure to Train, Supervise, Discipline, or Correct (*City of Canton & Larez*)**
**(Against Defendants CITY OF SAN BERNARDINO and DOES 11-20)**

58. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

59. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

60. Mr. Zamudio is informed, believes, and thereupon alleges that CITY and DOES 11 through 20, inclusive, violated his constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

   i. DEFENDANTS have ample reason to know, based upon arrest reports, claims for damages, *inter alia*, that SBSD officers and/or employees regularly engage in the misdeeds set forth in this entire complaint;

   ///

**COMPLAINT FOR DAMAGES; *DEMAND FOR JURY TRIAL***

  ii. CITY and DOES 11-20, inclusive have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the SBSD as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws; and

  iii. The above-mentioned failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of CITY and DOES 11-20, inclusive, by and through its decision makers. These include, but are not limited to, CITY and DOES 11-20, inclusive, and their subordinates, as necessary to further these improper policies, practices, customs, and procedures.

61. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Zamudio.

62. CITY and DOES 11-20 acted in a supervisory capacity with respect to the incidents involving Mr. Zamudio. In that capacity, they acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Mr. Zamudio. Mr. Zamudio is informed, believes, and thereupon alleges that CITY and DOES 11-20 acted in this manner, at least in part, to avoid liability and financial exposure for the SBPD and to maintain their reputation and the reputation of the SBPD.

63. These supervisory failures of CITY and DOES 11-20 directly caused and contributed to Plaintiff's damages.

64. Plaintiff specifically alleges that CITY and/or DOES 11-20's policy, custom, and practice, as described *supra*, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

/ / /

/ / /

### SIXTH CAUSE OF ACTION
**Negligence**
**(Against Defendant DENNIS HAN)**

65. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

66. In performing all of the complained of acts and omissions throughout this Complaint by way of his conduct, Defendant DENNIS HAN and DOES 2 through 10, inclusive have breached their duty to act reasonably under the circumstances described.

67. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered and continues to suffer great physical emotional pain and injury, all in an amount to be determined according to proof at trial.

### SEVENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against Defendant DENNIS HAN)**

68. Plaintiff incorporates all paragraphs, as though fully set forth herein.

69. Defendant DENNIS HAN'S acts as described herein were intentional, malicious and were done with the specific intent to harass and assault and batter Mr. Zamudio.

70. Plaintiff seeks compensatory and punitive damages under this cause of action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief from DEFENDANTS, and each of them, for each of the above causes of action:

    i.    For compensatory damages, including general and special damages, according to proof;

/ / /

/ / /

ii. For punitive damages pursuant to 42 U.S.C. §1983 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

iii. For statutory damages, according to proof;

iv. For prejudgment interest according to proof;

v. For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, and any other applicable provisions;

vi. For punitive damages under California Law against Defendant DENNIS HAN;

vii. For costs of suit; and

viii. For such further relief which is just and proper.

Dated: August 15, 2024         Respectfully submitted,

By: /s/ *John E. Sweeney*
John E. Sweeney
Attorney for Plaintiff MANUEL ZAMUDIO, JR.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: August 15, 2024         Respectfully submitted,

By: /s/ *John E. Sweeney*
John E. Sweeney
Attorney for Plaintiff MANUEL ZAMUDIO, JR.

**COMPLAINT FOR DAMAGES;** ***DEMAND FOR JURY TRIAL***