UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 24-01747-MWF (SHKx)              **Date:** November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [45]

Before the Court is a Motion for Summary Judgment filed by Defendants City of San Bernardino and Sergeant Daniel Han on September 29, 2025. (Docket No. 45). Plaintiff Manuel Zamudio, Jr. filed an Opposition on October 6, 2025. (Docket No. 48). Defendants filed a Reply on October 13, 2025. (Docket No. 51).

The Court has considered the papers filed on the Motion and held a hearing on **October 27, 2025**.

The Motion is **DENIED** *in part* **and GRANTED** *in part.*  The Motion is **DENIED** as to Plaintiff's Second Cause of Action under the Fourth Amendment to the extent it is premised on the warrantless search of Plaintiff's vehicle and, accordingly, Plaintiff may seek punitive damages on this cause of action.  The Motion is **GRANTED** as to all other causes of action.

## I.     BACKGROUND

The following facts are based on the evidence, as viewed in the light most favorable to Plaintiff as the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his [her, or its] favor.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

On December 13, 2023, Sergeant Daniel Han was patrolling on duty in the City of San Bernardino.  (Docket No. 48-1 (Statement of Genuine Disputes ("SGD")) ¶ 1).  At approximately 2:53 p.m., Sgt. Han received a phone call from his brother, Dennis Han, who told Sgt. Han that Dennis was going to call the police because of issues he was having with his neighbor, a third party to this action.  (*Id.* ¶ 2).  Plaintiff was involved in the dispute, as he was a construction worker on the neighbor's property.  (*Id.* ¶¶ 8-9).  Sgt. Han claims he did not know of Plaintiff's involvement in Dennis's altercation with his neighbors, which Plaintiff disputes.  (*Id.* ¶¶ 2, 5, 8).

After hanging up with Dennis, Sgt. Han drove to Dennis's home.  (*Id.* ¶ 13).  It is heavily disputed why Sgt. Han drove to his brother's home.  Sgt. Han alleges that he traveled there to use the restroom because he was "in the area" and that he regularly made stops at his brother's home while he was on shift.  (*Id.* ¶ 13).  Plaintiff asserts that Sgt. Han had not seen his brother in person for six to eight months before the incident.  (Docket No. 51 (Additional Material Facts ("AMF")) ¶ 4).  Sgt. Han does not indicate whether this fact is disputed or not.  (*Id.*).

At around 3 p.m., Sgt. Han states that he observed a pickup truck, driven by Plaintiff, drive away from Dennis's house at a high rate of acceleration, though Plaintiff disputes this assertion.  (SGD ¶ 14).  Sgt. Han then attempted to run Plaintiff's license plate but was putatively unable to do so due to a ball tow hitch partially obstructing Sgt. Han's view of the plate.  (*Id.* ¶ 19).  Around 3:15 p.m., Sgt. Han radioed to dispatch and relayed the partial license plate number and noted that there was an obscurement.  (*Id.* ¶ 23).

Sgt. Han then initiated the stop, asking Plaintiff for his license and registration.  (*Id.* ¶¶ 24-28).  Plaintiff refused to provide his license or registration as he believed Sgt. Han pulled him over for personal reasons, and Sgt. Han explained that he was pulled over for license plate obscurement.  (*Id.* ¶¶ 29-31).  Plaintiff also refused to step outside of the truck upon request from Sgt. Han.  (*Id.* ¶¶ 33, 36).  Sgt. Han then informed Plaintiff that he was under arrest for failing to provide his driver's license or registration, a violation of Vehicle Code Section 12951.  (*Id.* ¶ 38).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                    Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

At some point, Plaintiff exited the vehicle and walked with Sgt. Han to the rear of the vehicle so that Sgt. Han could explain the obstructed license plate.  (*Id.* ¶¶ 39-43).  Plaintiff continued to argue with Sgt. Han as to the basis of his decision to pull over Plaintiff.  (*Id.* ¶¶ 44-47).  At 3:17 p.m., Sgt. Han told Plaintiff to turn around and attempted to place his right hand on Plaintiff's left arm, and Plaintiff "physically resisted Sgt. Han's grasp by swinging his arm away from Sgt. Han's hand while backing away from Sgt. Han."  (*Id.* ¶¶ 48-50).  Plaintiff does not dispute this.

Plaintiff continued arguing about his arrest as Sgt. Han repeatedly requested his license and registration, and Plaintiff continued to refuse to provide them.  (*Id.* ¶¶ 51-57).  Sgt. Han then began to handcuff Plaintiff, and was able to get Plaintiff's left wrist into handcuffs, but was unable to get his other wrist in the handcuffs.  (*Id.* ¶¶ 58-59).  Around this time, Officer Anderson arrived on the scene to assist Sgt. Han with getting Plaintiff into handcuffs.  Officer Anderson "placed his hands on plaintiff's left shoulder and turned plaintiff back towards the pickup truck."  (*Id.* ¶ 62).  The officers eventually got Plaintiff into handcuffs, needing to use two sets of handcuffs interlocked together to do so. (*Id.* ¶ 64).

Finally, after Plaintiff was in the patrol car, Plaintiff told the officers that his license was in the truck.  (*Id.* ¶ 65).  The officers "went to look inside the pickup but did not find it."  (*Id.* ¶ 66).  Plaintiff then indicated that his wallet was in his pocket.  (*Id.* ¶ 67). After the officers located both Plaintiff's license and registration, Sgt. Han asked Plaintiff to step outside of the vehicle and Officer Anderson removed the handcuffs.  (*Id.* ¶ 70).  Sgt. Han "determined to only cite plaintiff for the Section 5201 violation" and released Plaintiff with the citation at around 3:57 p.m.. (*Id.* ¶¶ 73, 75).

Based on the above allegations, Plaintiff brings the following causes of action: (1) violation of Plaintiff's due process rights under the Fourteenth Amendment; (2) Fourth Amendment violations premised on unlawful seizure, search, and use of excessive force; (3) conspiracy at the scene to violate civil rights under 42 U.S.C. §§ 1983, 1988; (4) unconstitutional policy, custom, or procedure against Defendant City of San Bernardino under 42 U.S.C. § 1983; and (5) failure to train, supervise,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 24-01747-MWF (SHKx)**              **Date:  November 7, 2025**
**Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.**

discipline, or correct against Defendant City of San Bernardino under 42 U.S.C. §
1983.

While Plaintiff originally brought causes of action for negligence and intentional
infliction of emotional distress against Dennis Han only, Plaintiff dismissed Dennis
Han as a Defendant on May 28, 2025.  (Docket No. 41).

## II.    REQUEST FOR JUDICIAL NOTICE, EVIDENTIARY OBJECTIONS

Defendants filed a request for judicial notice as to the docket from Plaintiff's
criminal case, which resulted from the same events described above.  (Docket No.
64); (*see also People v. Manuel Zamudio, Jr.*, No. 23IN-129919 (Cal. Super. Ct.,
Cnty. of San Bernardino)).

Defendants also filed evidentiary objections to cell phone video taken at the
scene by Heriberto Miranda and still shots from the cell phone video by Miranda,
submitted by Plaintiff in connection with his Opposition.  (Docket No. 52).

Because the Court did not rely on any of this evidence in its ruling, Defendants'
request and objections are **DENIED** *as moot*.

## III.    LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies
*Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson*, 477 U.S. at 255;
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary
judgment if the movant shows that there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for
summary judgment where the non-moving party bears the burden of proof at trial:

The moving party initially bears the burden of proving the absence
of a genuine issue of material fact.  Where the non-moving party
bears the burden of proof at trial, the moving party need only prove

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

that there is an absence of evidence to support the non-moving
party's case.  Where the moving party meets that burden, the burden
then shifts to the non-moving party to designate specific facts
demonstrating the existence of genuine issues for trial.  This burden
is not a light one.  The non-moving party must show more than the
mere existence of a scintilla of evidence.  The non-moving party must
do more than show there is some "metaphysical doubt" as to the
material facts at issue.  In fact, the non-moving party must come forth
with evidence from which a jury could reasonably render a verdict in
the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016)
(quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence
that is 'merely colorable' or 'is not significantly probative.'"  *Anderson*, 477 U.S. at
249–50.  "When the party moving for summary judgment would bear the burden of
proof at trial, 'it must come forward with evidence which would entitle it to a directed
verdict if the evidence went uncontroverted at trial.'"  *C.A.R. Transp. Brokerage Co. v.
Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*,
965 F.2d 1532, 1536 (9th Cir. 1992)).

## IV.  **DISCUSSION**

Defendants move for summary judgment on all of the remaining claims in this
action.

As an initial matter, Plaintiff concedes his abandonment of his Fourth Cause of
Action for Municipal Liability under *Monell* and Fifth Cause of Action for Municipal
and Supervisory Liability under *Larez*.  (Opp. at 6).  Accordingly, the Court
**DISMISSES** Plaintiff's Fourth and Fifth Cause of Action and therefore **DISMISSES**
Defendant City of San Bernardino from this action as there are no remaining causes of
action against the City.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

### A.    Unlawful Seizure

Defendant Han first argues that reasonable suspicion existed to stop Plaintiff while driving his vehicle, rendering the stop lawful.  (Motion at 4-7).

Brief investigatory stops of vehicles are permissible under the Fourth Amendment when they are supported by an officer's "'reasonable suspicion' that criminal activity may be afoot."  *U.S. v. Willis*, 431 F.3d 709, 714 (9th Cir. 2005) (quoting *U.S. v. Arvizu*, 534 U.S. 266, 273 (2002)).  "Reasonable suspicion" is defined as "a particularized and objective basis for suspecting the particular person stopped of criminal activity."  *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013).  In order to determine whether a detaining officer has a "particularized and objective basis for suspecting criminal wrongdoing" courts examine the "totality of the circumstances."  *Hernandez*, 969 F.3d at 937 (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)) (internal quotation marks omitted).

Defendant primarily argues that the initial stop of Plaintiff's vehicle was lawful because Defendant had reasonable suspicion that Plaintiff was violating California Vehicle Code ("CVC") Section 5201, which provides: "[l]icense plates . . . shall be mounted in a position so as to be clearly visible, and so that the characters are upright and display from left to right, and shall be maintained in a condition so as to be clearly legible."  (Motion at 5-7 (citing CVC § 5201)).  Defendant argues that the body-worn camera ("BWC") recording confirms that Defendant's "view of plaintiff's license plate was partially obstructed by [a] ball tow hitch mounted on [P]laintiff's rear bumper in front of the rear license plate."  (*Id.* at 6).  Defendant further contends that the case *People v. White*, 93 Cal. App. 4th 1022, 113 Cal. Rptr. 2d 584 (2001) is directly on point on these facts, where the court of appeals held that a "license plate mounted in a place that results in it being partially obstructed from view by a trailer ball hitch violates … section 5201."  *Id.* at 1026.

Of course, *White* does not establish a categorical rule with respect to trailer ball hitches mounted underneath license plates.  Rather, the applicable holding from *White* is that "[i]n using the phrase 'clearly visible' … it is apparent that the Legislature

_____

**CIVIL MINUTES—GENERAL**                                              **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                    Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

meant a license plate must not be obstructed in any manner and must be entirely readable." *Id.*  Plaintiff's argument in response is that despite the trailer ball hitch, other photos and videos of the license plate show that "all relevant information on the plate is visible and legible."  (Opp. at 11).  But merely being "visible and legible" is not the standard; rather, the plate "must not be obstructed *in any manner*."  *See White*, 93 Cal. App. 4th at 1026 (emphasis added).  And an exhibit admitted at Defendant Han's deposition and attached to Plaintiff's own Opposition shows that the ball tow hitch clearly breaks the plane of the license plate and likely obstructs the bottom of the numbers of the plate.  (*See* Exhibit 1 to Plaintiff's Opposition).  The Court finds it difficult to believe that any reasonable juror would find that the plate is not obstructed in any manner given the photos of the license plate submitted by Plaintiff himself.

Additionally, even if the Court agreed that the plate was not "obstructed in any manner" based on the photos and videos in the record, it would still be clear on this record that no reasonable juror could find that Defendant Han did not have at least reasonable suspicion that Plaintiff was violating CVC Section 5201 because of the ball tow hitch.  There was certainly a "particularized and objective basis" for Defendant Han to suspect a violation of Section 5201.  *See Valdes-Vega*, 738 F.3d at 1078.

At the hearing, Plaintiff pointed to *Baxter v. City of Hemet*, 728 F. Supp. 3d 1127, 1140-41 (C.D. Cal. Apr. 2024) to support his argument.  There, the court considered the holding in *White* as applied to a license plate "that is illegible because it has faded or has lost its reflectivity or shine."  *Id.* at 1141.  But as distinguished from the facts here, the court in *Baxter* was focused on the holding in *White* as to *legibility* of the plate, rather than *obstruction* of the plate.  And as *White* made clear, a plate must be both "entirely readable" *and* "must not be obstructed in any manner."  *White*, 93 Cal. App. 4th at 1026.  Accordingly, the Court's application of *White* as to whether the ball tow hitch obstructed the plate is not inconsistent with *Baxter*'s holding as to the plate's legibility.

Because the Court determines there was reasonable suspicion to stop Plaintiff's vehicle based on a putative violation of CVC Section 5201, the Court does not reach

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

Defendant's other arguments.  The Motion is **GRANTED** as to this putative violation
under Plaintiff's Second Cause of Action.

### B.    Unlawful Arrest

Defendant Han next argues that Plaintiff's arrest did not violate the Fourth
Amendment because Defendant had probable cause to believe that Plaintiff had
committed a crime.

Probable cause "signifies a level of proof below that of proof beyond a
reasonable doubt, or even proof by a preponderance of the evidence." *People v.
Hurtado*, 28 Cal. 4th 1179, 1188, 124 Cal. Rptr. 2d 186 (2002).  Probable cause exists
when, under the totality of the circumstances known to the officers at the time of the
arrest, there was a "fair probability or substantial chance of criminal activity." *Lacey v.
Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted).  It "requires only
a probability or substantial chance of criminal activity, not an actual showing of such
activity." *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021) (citation
omitted).  Moreover, "[a]n officer who observes criminal conduct may arrest the
offender without a warrant, even if the pertinent offense carries only a minor penalty."
*Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006).

Here, it is undisputed by Plaintiff that he failed to turn over his license and
registration when asked by Defendant Han, which was the crime of his arrest.  (Opp. at
13).  Plaintiff instead argues that "[a]t the time Sgt. Han demanded Mr. Zamudio's
license and registration, he had no basis to believe he was enforcing Vehicle Code
[S]ection[] 5201."  (Opp. at 13-14).  Accordingly, Plaintiff argues that any arrest
premised on his refusal to provide a license and registration is "tainted by Sgt. Han's
unlawful traffic stop," and "his refusal cannot be the basis to support probable cause
for the arrest."  (*Id.* at 14).

Because the Court already held that the initial stop was not unlawful, the
subsequent failure to turn over license and registration is not "tainted" by the stop as
urged by Plaintiff.  Given that Plaintiff does not dispute that he failed to turn over his

_____

**CIVIL MINUTES—GENERAL**                                                     **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                 Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

license and registration, which is a violation of CVC sections 12951(b) and 4462(a), the Court holds that there was probable cause to arrest Plaintiff because Defendant Han observed Plaintiff commit a crime.  *See Tatum*, 441 F.3d at 1094.

The Motion is **GRANTED** as to this basis under Plaintiff's Second Cause of Action.

### C.    Prolonged Stop

Given the Court's holding that the arrest was lawful, the Court also dismisses Plaintiff's claim that there was a prolonged traffic stop.  "The length of the stop must be 'reasonably related in scope to the justification for their initiation.'"  *Woodard v. Tippett*, CV 15-7452 RGK (KS), 2016 WL 11756195, *4 (C.D. Cal. Jan. 15, 2016) (citing *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975)).  The total time that Plaintiff was detained was 45 minutes.  (Opp. at 8).  The arrest justified prolonging the stop to this length, even if it could be beyond what might be allowable if the only reason for the stop was the original traffic infraction.  The Motion is thus **GRANTED** as to this basis for Plaintiff's Second Cause of Action.

### D.    Excessive Force

Defendant next argues that any minimal force used to arrest Plaintiff was objectively reasonable under the circumstances.  (Motion at 11).

To determine whether the force in executing a detention was objectively reasonable, the Court must weigh the "nature and quality of the intrusion on an individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Graham v. Connor*, 490 U.S. 386, 388, 396 (1989).  In doing so, the Court must evaluate factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id.*  "Where [government] interests do not support a need for force, 'any force used is constitutionally unreasonable.'"  *Green v. City & Cnty. of San Francisco*, 751 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025

Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

1039, 1049 (9th Cir. 2014) (quoting *Lolli v. County of Orange*, 351 F.3d 410, 417 (9th Cir. 2003).

### 1.  Nature and Quality of the Intrusion

"To gauge the type and amount of force used, [courts] assess both 'the risk of harm and the actual harm experienced.'"  *Sabbe v. Washington Cnty. Bd. of Commissioners*, 84 F.4th 807, 821 (9th Cir. 2023) (citation omitted).  The greater the risk of harm and the actual harm involved, the greater the governmental interest must be to justify the use of force.  *Id.*

Surprisingly, Plaintiff does not address the nature and quality of the intrusion and instead only presents argument on the *Graham* factors regarding governmental interest.  (*See* Opp. at 15-17).  At the hearing, when pressed by the Court, Plaintiff continued to focus on whether the force was justified, rather than arguing that the force used was anything more than minimal.  The Court therefore concludes that Plaintiff concedes that the level of force used by Defendant Han was minimal, as Defendant argues.  (*See* Reply at 7; Motion at 12).

The Court also notes that Plaintiff does not present any response regarding Defendant's assertions that he cannot be liable for the actions of his backup officer, Officer Anderson.  (Motion at 12).  Relatedly, Plaintiff acknowledged at the hearing that it was Officer Anderson, not Defendant Han, who implemented the pain compliance hold on Plaintiff.

### 2.  Countervailing Government Interest

Accordingly, the Court must consider whether the Government's interest sufficiently counterbalanced Defendant Han's use of minimal force in handcuffing Plaintiff considering the factors outlined in *Graham*.  The Court concludes that Han's use of force was reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)              Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

### a. Severity of the Crime at Issue

Plaintiff argues that the crimes that he putatively committed were not severe, as they were either minor traffic infractions or low-level misdemeanors.  (Opp. at 15).  Defendant concedes in his Reply that the crimes were not significantly severe.  (Reply at 7).  This factor thus does not support the Government's use of force.

### b. Immediate Threat

"The most important *Graham* factor is whether the suspect posed an immediate threat to anyone's safety."  *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.

Defendant argues that there were "significant officer safety issues" because Plaintiff was "combative, uncooperative, and physically resisted Sergeant Han during the encounter."  (Motion at 12).  Plaintiff responds that he made no verbal or physical threats to either officer at the scene, and that there is no indication or argument that he possessed a weapon during the encounter.  (Opp. at 16).

While the Court will examine Plaintiff's putative resistance more with respect to the final *Graham* factor below, Defendant's version of events appears to be more consistent with the undisputed facts.  The undisputed facts are that Plaintiff was placed under arrest and asked to turn around so that he could be handcuffed, but that Plaintiff repeatedly refused to comply, pulling away when he was approached.  (SGD ¶¶ 48-53).  Accordingly, it was reasonable for Defendant to feel a low level of threat to his safety given Plaintiff's combativeness and failure to comply with prior requests.  Of course, any sense of threat to officer safety is tempered by the facts argued by Plaintiff: no party asserts that Plaintiff was threatening the officers outright, or that there was any indication Plaintiff possessed a weapon.  This factor thus only slightly weighs in favor of Defendant's use of force.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                    Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

### c.  Resisting Arrest

Given that the first two government interest factors do not weigh heavily in the Defendant's favor, the question becomes whether Plaintiff resisted arrest and, if so, whether that resistance justified the minimal use of force employed here.

The undisputed facts again favor Defendant's telling of the encounter. Following Defendant Han placing Plaintiff under arrest, Defendant Han requested that Plaintiff turn around so Defendant Han could place handcuffs on Plaintiff, and Plaintiff does not dispute that he repeatedly failed to comply with these requests, even pulling his arm away from Defendant.  (SGD ¶¶ 48-53).  Although Plaintiff clearly questioned the basis for his arrest at the scene, these concerns do not justify failing to comply with Defendant Han's requests after being told he was under arrest for failing to turn over his license and registration.

Additionally, the Court agrees with Defendant's argument in his Reply that Plaintiff's arguments focus too narrowly on the moments of handcuffing.  (Reply at 7). As recounted above, there were indications before the handcuffing began that Plaintiff was resisting arrest, such as pulling his arm away from Defendant Han.  (SGD ¶ 49). And to the extent that the Court parses further into the moment of handcuffing, it does not appear that Plaintiff disputes that it was Officer Anderson, not Defendant Han, who put Plaintiff in a pain compliance hold.  (*See* Opp. at 16).  Plaintiff thus only asserts that Defendant Han held his left arm, placed a handcuff on his wrist, and used two interlocked handcuffs to effectuate the handcuffing.  (*Id.*; Motion at 12-13).

Considering the minimal force used by Defendant Han weighed against Plaintiff's resistance of his arrest, the Court concludes that the amount of force used was objectively reasonable, such that no reasonable juror could find in favor of Plaintiff.

### 3.  Qualified Immunity

Even if the Court were persuaded that Defendant Han used excessive force against Plaintiff, he would still be entitled to qualified immunity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                    Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

Qualified immunity involves a two-step inquiry: (1) whether the officer's conduct violated a constitutional right; and (2) whether that right was clearly established when viewed in the context of this case." *Ctr. for Bio-Ethical Reform Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 793 (9th Cir. 2008).  A case directly on point is not required in order for a right to be clearly established, but "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  "[C]learly established law should not be defined at a high level of generality," but "must be particularized to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotation marks and citation omitted).

"Although there need not be a case directly on point, or even one with fundamentally similar facts, a plaintiff claiming excessive force normally must identify a case that addresses facts like the ones at issue such that the officer was put on notice that his specific conduct was unlawful." *Chinaryan v. City of Los Angeles*, No. 21-56237, 2024 WL 3803301, at *7 (9th Cir. Aug. 14, 2024) (internal citations and quotation marks omitted).

Plaintiff identifies the case *Rice v. Morehouse,* 989 F.3d 1112, 1121 (9th Cir. 2021) as clearly establishing that there is a "right to be free from the application of non-trivial force for engaging in mere passive resistance." (Opp. at 25).  But the Court agrees with Defendant that this case is distinguishable. (*See* Reply at 15-16).  The Ninth Circuit held in *Rice* that officers used excessive force when, following being placed under arrest for refusing to give his license and registration, the plaintiff alleged that the police tripped him and forcibly threw him to the ground as they hauled him out of his car. *See* 989 F.3d at 1121.  The district court held that this "take-down involved a 'substantial' and 'aggressive use' of force," which is clearly in stark contrast to the concededly minimal force used here. *See id.*

Accordingly, even if the Court agreed with Plaintiff that his resistance was more or less "passive" as in *Rice, Rice* would not clearly establish that Defendant Han's use of force here was excessive given that the force used was concededly minimal and not "substantial" or "aggressive," as in *Rice.*  Because Defendant Han would not be "put on notice" that his actions with respect to Plaintiff were unlawful given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                  Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

distinguishable facts of *Rice*, Defendant Han is entitled to qualified immunity as to Plaintiff's excessive force cause of action.

The Motion is **GRANTED** as to this basis for Plaintiff's Second Cause of Action.

### E.    Unlawful Search

Finally, Defendant argues that any search of Plaintiff's person or vehicle following Plaintiff's arrest was lawful.

Defendant Han first argues that any search of Plaintiff's person incident to arrest was lawful under *United States v. Robinson*, 414 U.S. 218, 235 (1973).  Plaintiff does not appear to contest the validity of any search of Plaintiff's person following arrest, so the Court considers this issue conceded by Plaintiff.

Defendant Han next argues that any search of Plaintiff's vehicle incident to arrest was permissible.  Defendant premises this argument on the case *In re Arturo D.*, 27 Cal. 4th 60, 86, 115 Cal. Rptr. 2d 581 (2002), asserting that a warrantless search of a vehicle for registration and identification is permissible.  (Motion at 14).  But as Plaintiff points out in his Opposition, this case was expressly overturned in *People v. Lopez*, 8 Cal. 5th 353, 381, 255 Cal. Rptr. 3d 526 (2019), where the California Supreme Court held that there is no general exception to the warrant requirement for searches to locate a driver's license following a traffic stop.   (Opp. at 17-18).  Defendant wisely concedes this erroneous citation in his Reply.  (Reply at 8-9).

Defendant Han also argued in his Motion that a "failure to present a valid driver's license justified the pre-impound inventory search" of Plaintiff's vehicle, citing to an unpublished Ninth Circuit case.  (Motion at 15 (citing to *United States v. Vega*, 94 F. App'x 588, 593 (9th Cir. 2004)).  But the court's comment in *Vega* cites to at least two cases holding that a pre-impound search may be warranted where the officers were acting in accordance with department policy to inventory all contents of the vehicle.  *See People v. Scalero*, 6 Cal. App. 4th 720, 723, 8 Cal. Rptr. 2d 578

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)               Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

(1992); *Colorado v. Bertine*, 479 U.S. 367, 368-69 (1987).  Here, there is no argument
from Defendant, besides the one line citation to *U.S. v. Vega*, that Defendant Han was
merely conducting such an authorized pre-impoundment inventory search, pursuant to
either police department policy or, indeed, the policy underlying warrantless inventory
searches in general.  *See Bertine*, 479 U.S. at 372 ("inventory procedures serve to
protect an owner's property while it is in the custody of the police, to insure against
claims of lost, stolen, or vandalized property…").  Accordingly, the Court is not
persuaded that the warrantless search was justified as a mere "pre-impoundment"
inventory of Plaintiff's vehicle.

        Defendant pivots to other arguments justifying his search of the vehicle in his
Reply given the overturning of *In re Arturo D.*  First, Defendant argues that there was
no "search" but that Defendant merely conducted a "plain view inspection" of the
vehicle.  (Reply at 9).  But such a characterization is belied by Defendant Han's own
declaration and by the clear footage from Defendant Han's BWC.  In his Declaration,
Defendant Han admitted that he and Officer Anderson "did a cursory *search* inside the
pickup truck for plaintiff's wallet, but we did not find it."  (Declaration of Sergeant
Daniel Han ¶ 16 (emphasis added)).  Moreover, the Court's review of Han's BWC
footage shows clearly that Defendant Han opened the pickup's door and searched
around the front seat, lifting certain articles off of the seat to look underneath them and
shuffling items around.  (Exhibit 3 to Motion for Summary Judgment, BWC Recording
of Sergeant Han at 15:19:50-15:20:03).  All of Defendant's cited cases are thus
inapposite, as they sanction mere "observations" of items that are "open and patent" –
not rummaging around and lifting items to look underneath them.  *See, e.g., U.S. v.
Davis,* 327 F.2d 301, 305 (9th Cir. 1964).

        Defendant also argues that he had consent from Plaintiff to search the vehicle,
although Plaintiff denies that he gave consent.  (Reply at 9; Opp. at 17).  At the
hearing, Defendant argued that he could reasonably believe that Plaintiff consented to a
search when Plaintiff told him where the wallet was in the vehicle, which is an
undisputed fact at this stage.  (SGD ¶¶ 65-66).  But Defendant Han presented no
authority in his briefing or at the hearing that supports such an argument that telling the
officers where they could find his wallet constitutes consent to search.  Accordingly,

CIVIL MINUTES—GENERAL                                              15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

the Court is unable to resolve this factual dispute of whether the officers had consent, construing all facts in the light most favorable to Plaintiff.

Defendant next argues that Defendant Han searched Plaintiff's vehicle for "evidence of the crime," and as such the search of the vehicle was excepted from the warrant requirement because there was "probable cause to believe that the vehicle contains evidence of a crime." (Reply at 10 (citing *U.S. v. Brooks*, 610 F.3d 1186, 1194 (9th Cir. 2010)). Because the crime committed was failure to turn over his license and registration when requested by an officer, rather than driving without a license and registration, Defendant argues that the search for license and registration was justified as evidence of Plaintiff's "mens rea to willfully resist Sgt. Han's lawful demands for such documents." (Reply at 10).

The Court is reluctant to dismiss Plaintiff's claim on this basis. As with all of the arguments advanced in Defendant's Reply, the Court is hesitant to consider them given that they were advanced only in the Reply, and thus Plaintiff has not had a chance to address them. *See United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").

Even if considered, Defendant's argument is murky on the merits. In *Lopez*, the California Supreme Court noted that a search of a vehicle for a license and registration is "ordinarily" not justified in order to investigate an arrest for a traffic violation. *See Lopez*, 8 Cal. 5th at 372. Moreover, to the extent Defendant argues that the crime of arrest was a violation of California Penal Code Section 148(a), for "willfully resist[ing], delay[ing], or obstruct[ing] any . . . peace officer," it is still not clear on Defendant's arguments that the physical license or registration would be evidence of the crime of arrest.

In *People v. Evans*, 200 Cal. App. 4th 735, 752, 133 Cal. Rptr. 3d 323, (2011), a California court of appeal was presented with similar facts on a motion to suppress where an individual, Evans, was arrested for failing to exit his car when instructed by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                    Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

police officer, and the officers later searched the vehicle claiming that it was a search incident to arrest for evidence of the crime of arrest.  *Id.* at 752.  The crime of arrest was impeding the officer's investigation under California Penal Code Section 148(a), and the court explained that because "[t]he only conduct underlying the offense was Evans's refusal to exit the car when [the officer] ordered him to do so," it would be "unreasonable to believe evidence of that conduct would remain in the vehicle after Evans was no longer inside."  The Court considers this same reasoning persuasive here; the crime was failing to turn over a license and registration when requested by the officer, and thus the crime would be complete upon not producing the license and registration when requested.  It is not clear that the license and registration actually being in the vehicle all along makes the obstruction charge more "willful" such that it makes a stronger case against Plaintiff on that score.  Nor has Defendant produced any supporting case law for that proposition, nor is the Court aware of any such case law.

Defendant's final argument is that the Court must dismiss Plaintiff's cause of action premised on the unlawful search of the vehicle because Plaintiff cannot prove any actual damages flowing from the unlawful search.  (Reply at 10-11).  Defendant asserts that "actual injury" is a necessary element of a § 1983 claim where Plaintiff seeks compensatory damages.  (*Id.*).  But Plaintiff has not had a chance to rebut this argument as it was raised for the first time in Defendant's Reply, and it is not clear to the Court solely based on the Reply that this argument should prevail.

***Qualified Immunity:***  Given that the Court concludes that Plaintiff's Fourth Amendment claim may proceed on the basis of the search of Plaintiff's vehicle following arrest, the question becomes whether qualified immunity bars this claim because the violated "right was clearly established when viewed in the context of this case."  *See Ctr. for Bio-Ethical Reform Inc.*, 533 F.3d at 793 (9th Cir. 2008).

The closest question on the applicability of qualified immunity here is whether it was clearly established that Defendant Han was violating the Fourth Amendment when he searched the vehicle putatively for evidence of the crime of arrest, *i.e.*, the driver's license and registration, such that he did not need a warrant pursuant to *Gant*.  *See* 556

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

U.S. at 347.  But again, given that this argument was advanced on Reply, Plaintiff has had no opportunity to identify case law on Defendant's newly-fashioned arguments.

Accordingly, the Motion is **DENIED** as to this basis for Plaintiff's Second Cause of Action.  Because Plaintiff has surviving Fourth Amendment claims, the Motion is **DENIED** to the extent that it seeks summary judgment of Plaintiff's entire Second Cause of Action.

## F.    Fourteenth Amendment Violation

Defendant further moves for summary judgment on the basis that Plaintiff is not alleging discrimination on the basis of any protected class, nor is Plaintiff a "class of one" that was "intentionally treated differently from others similarly situated" without "rational basis for the treatment."  (Motion at 15-16 (citing to *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Plaintiff concedes that Defendant Han conducted about two traffic stops per shift and that Defendant Han "very rarely issued written citations for violations of California Vehicle Code section 5201."  (Opp. at 20).  As Defendant argues, this appears to be conceding that Plaintiff was not a "class of one" since Defendant Han did stop others for traffic violations and did issue written citations for this particular violation, even if rarely.  (Reply at 12).  Plaintiff further argues that he was treated differently from other similarly situated individuals because he was "not let off with a verbal warning" but was actually issued a citation.  (Opp. at 20).  This argument is unpersuasive, particularly to the extent that Defendant Han chose to simply issue a citation for license plate obstruction after Plaintiff had plainly violated other laws leading to his arrest.  (Reply at 12).

Accordingly, to the extent that Plaintiff was "treated differently from others similarly situated," there was a rational basis for such a difference.  *See Village of Willowbrook*, 528 U.S. at 564.

CIVIL MINUTES—GENERAL                                                        18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                Date:  November 7, 2025
Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

### G.  Conspiracy Under § 1983

Because the Court does not dismiss all of Plaintiff's underlying alleged constitutional violations, the next issue is whether Plaintiff's claim for conspiracy under § 1983 should survive the Motion.

Plaintiff argues in his Opposition that Defendant Sergeant Han and Dennis Han conspired to violate Plaintiff's constitutional rights, and so this cause of action should proceed on that basis.  (Opp. at 21-23).  But as Defendant points out in his Reply, Plaintiff's Complaint alleges only conspiracy at the scene, specifically "[a]gainst all Defendants at the scene."  (Reply at 13; *see* Compl. ¶ 48).  Accordingly, it appears that Plaintiff should not now be permitted to widen his claims to encompass Dennis Han, who was not at the scene.  The Court is particularly persuaded to this conclusion since Plaintiff makes allegations in his Complaint specifically as to officers who were at the scene, alleging that "each officer saw Plaintiff's rights being violated," and "all defendants acted in concert to detain and search Plaintiff and never once intervened to stop each other from violating Plaintiff's legal rights."  (Compl. ¶ 50).  These allegations could not possibly apply to Dennis Han, who was not at the scene and who could not have observed any putative violations.

Finally, Plaintiff has not put forward any evidence or argument that Officer Anderson conspired with Defendant Han in his Opposition.  (*See* Opp. at 21-23).  No cause of action could thus proceed as to a conspiracy between Defendant Han and Officer Anderson.

Accordingly, the Motion is **GRANTED** as to Plaintiff's Third Cause of Action.

### H.  Punitive Damages

Defendant's final argument is that Plaintiff's request for punitive damages should be stricken because there is no evidence that Defendant "acted with malice, oppression, or in reckless disregard of Plaintiff's rights."  (Motion at 21 (citing 9th Cir. Model Jury Instr. 5.5 (2024)).  Defendant provides no other argument or case law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 24-01747-MWF (SHKx)                    Date:  November 7, 2025

Title:  Manuel Zamudio, Jr. v. Daniel Han, et al.

Without more, the Court cannot conclude as a matter of law that no reasonable juror would find that the Defendant acted oppressively or with callous indifference to Plaintiff's rights when he searched the vehicle without a warrant.  And Plaintiff has at least some circumstantial evidence that would support a juror finding that Defendant Han had personal and subjective motivations for the search given the timing of the events at Dennis's home and Defendant Han's actions.  (*See* Opp. at 21-23).  Perhaps Plaintiff has only a thin factual basis to justify punitive damages, but it does not appear to the Court that Plaintiff's case for punitive damages would fail as a matter of law.

## V.   **CONCLUSION**

For the reasons stated above, the Motion is **DENIED *in part* and GRANTED *in part***.  The Motion is **DENIED** as to Plaintiff's Fourth Amendment violation premised on the warrantless search of Plaintiff's vehicle following his arrest.  As to this remaining claim, Plaintiff may seek punitive damages.  The Motion is **GRANTED** as to all other causes of action.

IT IS SO ORDERED.